IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 2301 RENAISSANCE PARTNERS, L.P., <br><br> v. <br><br> WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF CITIGROUP COMMERCIAL MORTGAGE TRUST 2018-B2, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES, 2018-B2 | CIVIL ACTION <br><br><br> Case No. 2:23-cv-03066-KNS |

## MEMORANDUM OPINION

Non-party Vertex Inc. ("Vertex") filed a motion against Defendant Wilmington Trust, National Association ("Defendant" or "Wilmington") to recover $106,049.61 incurred by electronically searching and producing documents to Defendant. Vertex asserted that Defendant failed to comply with Federal Rule of Civil Procedure 45(d)(1). *Id.* at 5. In addition, Vertex seemed to assert that Defendant also failed to comply with Rule 45(d)(2)(B)(ii). *Id.* For the reasons that follow, the motion is denied.

### I. FACTUAL BACKGROUND

The focal point of this case is a dispute over a "Major Tenant Sweep Event," as defined by the named parties' mortgage agreement. However, a collateral dispute arose between non-party Vertex and Defendant Wilmington regarding costs of discovery.

On January 31, 2024, Defendant served on Vertex a subpoena for documents related to Vertex's occupancy of 2301 Renaissance Blvd. ECF No. 82-1 [hereinafter "Subpoena"]. Specifically, the request sought information regarding whether Vertex has "vacate[d],

1

abandon[ed], cease[d] ordinary business operations at, or otherwise 'go[ne] dark' at all or any substantial portion of the [2301 Renaissance Blvd]" or "give[n] notice of its intent to do any of the foregoing." *Id.* Vertex made objections to the Subpoena, and Vertex and Defendant spent the next several months negotiating the scope of discovery. ECF No. 82 at 3 [hereinafter "Def. Resp."]. In negotiations, Defendant objected to Vertex employees conducting their own document searches and producing documents without the metadata. *Id.* at 4. The parties eventually narrowed the document requests from sixteen to seven categories. *Id.* at 3. However, the parties continued to clash, with Vertex believing Defendant's document requests were still overly broad and burdensome, and Defendant believing that Vertex's productions were deficient.

Eventually, on May 16, 2024, Vertex filed a Motion for Protective Order, seeking that Defendant pay for e-discovery. ECF No. 53. Conversely, on June 21, 2024, Defendant submitted a Motion to Compel and Enforce the Subpoena. ECF No. 61. On June 27, 2024, this Court held a hearing on the motions and told the parties to once again meet and confer to resolve the discovery issues prior to the Court's ruling on the motions. ECF No. 80 at 64. At a status conference held on December 9, 2024, both parties indicated they would withdraw their motions, and the Court entered an Order the next day denying both motions as moot. ECF No. 72.

After the June 27, 2024 hearing, the parties went back to the negotiating table. Vertex and Defendant narrowed the e-discovery in the following ways: (i) reduced the number of search terms from 103 to 60, (ii) narrowed the time-period for data review to begin on January 1, 2021, and (iii) limited the number of Vertex document custodians to eight. *See* ECF No. 75 at 4, 6 [hereinafter "Vertex Mot."]; Def. Resp. at 6; ECF No. 83 at 4 [hereinafter "Vertex Reply"]; ECF No. 82-8. After Vertex and Defendant narrowed the documents to be reviewed to approximately 12,000 documents, Vertex's counsel reviewed the documents—despite Defendant's offer to

further refine the search terms to reduce the number of documents to be reviewed. Def. Resp. at 7. Vertex's counsel explained at the June 23, 2025 hearing that Vertex started reviewing the documents in October 2024, without further negotiating with Defendant on how to reduce the approximately 12,000 documents, because Vertex was concerned it would not meet its looming November 25, 2024 deadline. ECF No. 94 at 25 [hereinafter "Hearing Transcript"]. After Vertex reviewed the 12,000 documents, it narrowed the production to 1,774 documents and provided those documents to Defendant. Vertex Mot. at 4. Defendant used ten of the 1,774 documents in four separate depositions of Vertex employees. *Id.* at 4.

Vertex is now seeking $106,049.61 in costs associated with e-discovery. *Id.* at 2. Specifically, Vertex claimed to incur $45,729.61 in costs for collecting, processing, and storing the data and $60,320.00 in attorney's fees for review of the e-discovery. *Id.* at 4.

## II. LEGAL STANDARDS

### a. *Federal Rule of Civil Procedure 45(d)(1).*

When serving a subpoena upon another party, Rule 45(d)(1) mandates that the party or attorney responsible for issuing the subpoena "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). Moreover, Rule 45(d)(1) requires that the compliance court "enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.*

To determine whether a subpoena bears an undue burden or expense, courts may consider the (1) relevance; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by it; (5) the particularity with which the documents are described; and (6) the burden imposed. *RIG Consulting, Inc. v. Rogers*, No. 2:23-CV-1286-RJC,

2024 WL 4608354 at *3 (W.D. Pa. Oct. 29, 2024); *In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021). No factor is determinative nor mandatory; rather, these factors provide a balancing framework to determine if a subpoena imposes an undue burden or expense.

    b. *Federal Rule of Civil Procedure 45(d)(2)(B)(ii).*

Rule 45(d)(2)(B)(ii) provides that "[a] person commanded to produce documents" may object to a subpoena. FED. R. CIV. P. 45(d)(2)(B)(ii). If an objection is made, the production of documents "may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." *Id.*

### III. DISCUSSION

Vertex has not demonstrated, under Rule 45(d)(1), that Defendant failed to take reasonable steps to avoid imposing an undue discovery burden or expense on Vertex. In addition, it is not clear that Vertex invoked Rule 45(d)(2)(B)(ii) in its motion, but even assuming so, Rule 45(d)(2)(B)(ii) is not applicable in this case.

    a. *Vertex Has Not Demonstrated an Undue Burden or Expense Under Federal Rule of Civil Procedure 45(d)(1).*

Vertex has not asserted sufficient evidence to find that Defendant did not take reasonable steps to avoid imposing an undue burden or expense on Vertex. Vertex claimed that because Defendant only used ten of the 1,774 produced documents across four depositions, Defendant's production requests were overbroad and not compliant with Rule 45(d)(1). Vertex Mot. at 6. Yet, it is true that not all discoverable documents are used in a lawsuit, and Defendant correctly pointed out that the ten documents used across four depositions does not acknowledge "the documents to prepare for the depositions; to what extent the discovery was used by Defendant's

and Plaintiff's experts; whether the documents will be used for summary judgment; or how the discovery will be used to prepare for or used at trial." Def. Resp. at 10.

Turning to the undue burden or expense factors, Defendant demonstrated its compliance with Rule 45(d)(1) under each factor. First, the requests for documents related to 2301 Renaissance Blvd were relevant—Vertex does not contest this point. Def. Resp. at 11. Second, this Court has already established Defendant's needs for discovery from Vertex at the June 27, 2024 hearing. ECF No. 80 at 63. Third, the parties met on two separate occasions and reduced the breadth of the document request—narrowing the document requests from sixteen to seven categories and the search terms from 103 in the original request to 60 search terms. Def. Resp. at 12-13. Vertex argued that the reduction in search terms demonstrates that Defendant was on a "fishing expedition." Vertex Mot. at 6. On the contrary, this Court finds that the parties' mutual reduction of search terms demonstrates that Defendant took reasonable steps to narrow the scope of discovery. Fourth, Defendant limited the time period for the data that would be subject to a search term hit review to begin on January 1, 2021. Def. Resp. at 12. Fifth, the parties' negotiated scope of discovery sought specifics regarding Vertex's use and occupancy of 2301 Renaissance Blvd. *Id.* Last, Vertex is a publicly traded company with a multibillion market capitalization, so it is less likely to be financially burdened by Defendant's discovery requests. Id. at 13. Therefore, Defendant was not out of compliance with Rule 45(d)(1).

      b. *Federal Rule of Civil Procedure 45(d)(2)(B)(ii) is Inapplicable.*

In its motion, Vertex explicitly cited Rule 45(d)(1) as a basis for recovery of fees. Vertex did not cite Rule 45(d)(2)(B)(ii) in its motion, but it did cite cases using the "significant expense" inquiry under Rule 45(d)(2)(B)(ii). Vertex Mot. at 5-6. Even assuming that Vertex appropriately invoked Rule 45(d)(2)(B)(ii) under Local Rule 7.1(c), Rule 45(d)(2)(B)(ii) is not

even applicable in this case. For the Rule to apply, a court order must be in place. *See United States ex rel. Simpson v. Bayer A.G.*, 2021 WL 363705, at *5 (D.N.J. Feb. 2, 2021) ("The Government's argument that the Subpoena constitutes a court order within the meaning of Rule 45(d)(2)(B) is inconsistent with a plain reading of the rule. The rule contemplates a set of facts the Government concedes are not present here – namely, a court order compelling the production of documents in response to a motion to compel made by the party who served the subpoena which was objected to.").

Here, this Court never entered an order against either party. In fact, at the June 27, 2024, this Court told the parties to once again meet and confer in an attempt to resolve their discovery dispute. Later at the December 9, 2024 status conference, Vertex noted it would withdraw its Motion for Protective Order and Defendant noted it would withdraw its Motion to Compel. As a result, the Court entered an Order on December 10, 2024 denying both motions as moot, which cannot be construed as an order that compels certain discovery acts under Rule 45(d)(2)(B)(ii). ECF No. 72. Alternatively, Vertex seemed to suggest that the Court's oral directive at the June 27, 2024 hearing that the parties meet and confer should be viewed as an order from this Court. Hearing Transcript at 25. But this interpretation—that a court's oral directive that parties meet and confer before issuing a discovery order qualifies as an order under Rule 45(d)(2)(B)(ii)—strains credulity.

In the absence of a discovery order, Vertex asked this Court to follow a few cases outside the Third Circuit. Vertex Reply at 5-6; *see Spears v. First Am. Eappraiseit*, No. 5-08-CV-00868-RMW, 2014 WL 6901808 (N.D. Cal. Dec. 8, 2014) at *3 (explaining that the Ninth Circuit left "open the issue of cost shifting in the absence of a court order"); *see also Gamefam, Inc. v. WowWee Grp. Ltd.*, No. 23-MC-80310-SI, 2024 WL 1181001 at *5 (N.D. Cal. Mar. 18, 2024)

(citing *Spears* in "[concluding] that costs may be shifted under Rule 45(d)(2)(B) in the absence of a court order"); *United States v. Rakhit*, No. 1:18CR33, 2021 WL 1817349 at *5-6 (N.D. Ohio May 4, 2021) (declining to shift the costs of complying with an administrative subpoena). This Court instead follows the guidance of *United States ex rel. Simpson*—a court in this circuit—rather than *Spears* and *Gamefam*. In addition, *Rakhit* is not useful for the facts of this case.

Accordingly, Rule 45(d)(2)(B)(ii) is inapplicable in the absence of a court order, so Vertex cannot recover expenses pursuant to Rule 45(d)(2)(B)(ii).

## IV.  CONCLUSION

For the foregoing reasons, Vertex's motion for costs incurred in responding to a non-party subpoena is denied.

BY THE COURT:

*/s/ Kai N. Scott*

**HON. KAI N. SCOTT**

**United States District Court Judge**